```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LAVERNE M. PHILLIPS                            CIVIL ACTION


VERSUS                                         NO: 13-3469


STARWOOD HOTELS & RESORTS                      SECTION: R(1)
WORLDWIDE, INC.
```

## ORDER AND REASONS

Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") moves for partial dismissal of plaintiff Laverne Phillips' complaint.[1] For the following reasons, Starwood's motion is GRANTED, and Phillips' complaint is DISMISSED.

**I.  Background**

Phillips, who is white and over 60 years old, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[2] Her EEOC charge alleges that Starwood, as owner and operator of the Sheraton New Orleans Hotel, discriminated against Phillips on bases of race, sex and age, and in retaliation for complaints she made about coworkers watching pornography at work.[3] The charge alleges that Phillips worked at the hotel as a club lounge attendant; that after the club lounge was renovated and relocated Starwood told Phillips she would have

---

[1] R. Doc. 8.

[2] R. Doc. 8-3.

[3] *Id.*

to reapply for her job; that she reapplied but was not selected; that Starwood instead offered her a position in room services with a substantial pay cut; and that Starwood filled the club lounge position with a black female under 40 years old.[4]

After concluding its investigation, the EEOC issued Phillips a Notice of Right to Sue.[5] Phillips then brought suit against Starwood, alleging only age discrimination.[6] Unlike her EEOC charge, Phillips' complaint alleges that Starwood "employs a pattern and practice of age discrimination by systematically removing aged employees from positions of high visibility upon the introduction of a new General Manager to one of its properties."[7]

Phillips' first claim for relief, brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-633, alleges that Starwood discriminated against Phillips via "its policy of highlighting youthful employees in highly visible positions."[8] Her second claim for relief, brought under the Louisiana Age Discrimination in Employment Act, La. R.S. 23:312, alleges that Starwood transferred Phillips "to a less

---

[4] *Id.*

[5] R. Doc. 1 at 4.

[6] *Id.* at 1.

[7] *Id.* at 2.

[8] *Id.* at 4-5.

prestigious, physically exhausting position . . . because of her age."[9]

Starwood filed this motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[10] It asks the Court to dismiss Phillips' claims of pattern or practice discrimination "because [Phillips] failed to exhaust her administrative remedies on those claims."[11]

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007), the claim must be dismissed.

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan*

---

[9] *Id.* at 5.

[10] R. Doc. 8.

[11] *Id.*

*Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 498-499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (quotation marks removed).

Starwood attaches Phillips' EEOC charge to its motion to dismiss.[12] The EEOC charge is referred to in Phillips' complaint[13] and is central to her claim, since "a plaintiff must first exhaust his or her administrative remedies for claims brought under the ADEA . . . before filing suit." *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489 (5th Cir. 2010). Thus, in assessing Starwood's motion for partial dismissal, the Court considers both the contents of Phillips' complaint and her EEOC charge.

**III. Discussion**

"[T]he federal courts cannot entertain Title VII or ADEA claims unless a claimant first fully exhausts his administrative remedies." *Smith v. U.S. Dept. of Navy*, 988 F.2d 1209 (5th Cir. 1993). Before a claimant may file suit on an alleged ADEA violation, she must file a charge of discrimination with the EEOC. 29 U.S.C. § 626(d)(1); *Foster v. National Bank of Bossier*

---

[12] R. Doc. 8-3.

[13] R. Doc. 1 at 4.

*City*, 857 F.2d 1058, 1060 (5th Cir. 1988). "A suit that flows from an EEOC complaint is limited [to] charges of discrimination 'like or related to' allegations contained in the EEOC complaint." *Stith v. Perot Systems Corp.*, 122 F. App'x 115, 118 (5th Cir. 2005) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). The longstanding rule is that "the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 274 (5th Cir. 2008) (quoting *Sanchez*, 431 F.2d at 466) (quotations marks and emphasis removed).

Phillips' first claim for relief, brought under the ADEA, alleges that Starwood "regularly and purposefully" identifies older employees "in highly visible positions" and then transfers, demotes or terminates them "in a thinly-veiled restructuring or reduction-in-force program."[14] It alleges that this policy was "instituted to perfection in Phillips' case."[15] The claim unambiguously alleges a pattern and practice of discrimination, not an isolated instance of individual discrimination. Thus, it survives Starwood's motion for partial dismissal only if the investigation that could reasonably be expected to grow out of

---

[14] R. Doc. 1 at 4.

[15] *Id.*

Phillips' EEOC charge would encompass the alleged discriminatory pattern and practice.

Phillips' EEOC charge alleges that she was personally discriminated against on the bases of race, sex and age, and in retaliation for complaints she made about coworkers. Nowhere does the charge allege or suggest a pattern or practice of discrimination. In fact, it alleges that Starwood transferred Phillips to room services partly as retaliation for complaints she made about fellow employees watching pornography at work.[16] This suggests that Starwood targeted Phillips for her individual conduct, not that her transfer was the result of a general policy of age discrimination.

The Court concludes that the investigation that could reasonably be expected to grow out of Phillips' EEOC charge would not encompass the alleged pattern and practice of age discrimination. Thus, Phillips' first claim for relief, alleging a pattern and practice of age discrimination in violation of the ADEA, is DISMISSED for failure to exhaust administrative remedies.

**IV.  State Law Claims**

Having determined that plaintiff's federal claim for relief must be dismissed, the Court declines to exercise supplemental jurisdiction over her remaining state law claim. *See* 28 U.S.C. §

---

[16] R. Doc. 8-3.

1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). "When a court dismisses all federal claims before trial, the general rule is to dismiss any [supplemental] claims." *Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir. 1999). Further, "the Supreme Court has counseled that the dismissal of all federal claims weighs heavily in favor of declining jurisdiction." *McClelland v. Gronwaldt,* 155 F.3d 507, 520 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan,* 338 F.3d 433 (5th Cir. 2003)).

## V. Conclusion

For the foregoing reasons, Phillips' complaint is DISMISSED without prejudice.

New Orleans, Louisiana, this __9th__ day of October, 2013.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**